**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-6576**

———————

BAXTER FELIX VINSON,

  Plaintiff - Appellee,

  v.

ALAN WALLS, Doctor; KAREN MCCULLOUGH; MARIE SHERMAN, Nurse,

  Defendants - Appellants,

  and

SHARONDA SUTTON; LARRY CARTLEDGE; ROBERT POILETMAN, MD,

  Defendants.

———————

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, Senior District Judge.  (0:10-cv-00847-CMC)

———————

Argued:  March 26, 2014                Decided:  April 16, 2014

———————

Before TRAXLER, Chief Judge, FLOYD, Circuit Judge, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:** Andrew Lindemann, DAVIDSON & LINDEMANN, PA, Columbia, South Carolina, for Appellants.  James Bernice Moore, III, Scott Christopher Evans, BELL LEGAL GROUP, Georgetown, South Carolina, for Appellee.  **ON BRIEF:** James E. Parham, Jr., Irmo, South Carolina, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Baxter Felix Vinson, Jr. (Vinson), a state prisoner housed in the South Carolina Department of Corrections (the SCDC), brought this 42 U.S.C. § 1983 action against Dr. Alan Walls, M.D., Karen McCullough, L.P.N., and Marie Sherman, R.N. (collectively the Appellants), among others not relevant in this appeal, alleging, inter alia, that the Appellants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. At the time of the incident in question, March 7-8, 2008, the Appellants were employees of the SCDC. The crux of Vinson's Eighth Amendment claim against the Appellants is: (1) the Appellants knew that Vinson's intestine was protruding from his abdomen following his self-mutilation; (2) the Appellants recognized that this condition was a life threatening medical emergency while Vinson was housed in a holding cell; and (3) even though the Appellants recognized that Vinson's condition was a life threatening medical emergency, they withheld or unreasonably delayed treatment by placing him in a restraint chair for several hours.

The district court held that the Appellants were not entitled to qualified immunity on Vinson's Eighth Amendment claim against them because a jury could conclude, based on the evidence reviewed in the light most favorable to Vinson, that the Appellants were deliberately indifferent to Vinson's serious

medical needs.  See Farmer v. Brennan, 511 U.S. 825, 842 (1994) ("It is enough [to establish Eighth Amendment liability] that the official acted or failed to act despite his knowledge of a substantial risk [to inmate health or safety].").  Accordingly, the district court denied the Appellants' request for summary judgment on Vinson's Eighth Amendment claim against them.  The Appellants challenge this ruling on appeal.

Having reviewed the parties' submissions, the district court's opinion, and the applicable law, and having heard oral argument, we conclude that the district court correctly denied the Appellants' request for summary judgment on Vinson's Eighth Amendment claim against them.  Accordingly, we affirm on the reasoning of the district court's comprehensive opinion.  Vinson v. Sutton, C/A No. 0:10-847-CMC-PJG, 2013 WL 980267 (D.S.C. March 13, 2013).

AFFIRMED